## Rivera, Recurrente, *v.* El Registrador de San Germán, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Germán, denegando la inscripción de una escritura de venta.

No. 501.—Resuelto en Julio 26, 1921.

Escrituras Públicas—Identidad entre el Firmante y el Otorgante—Firmas en Escrituras Públicas.—Una escritura pública no es nula por el hecho de que uno de los otorgantes no estampara al firmarla todos los nombres y apellidos con que fué descrito por el notario, toda vez que el otorgamiento por el notario debe considerarse. Si la firma estampada era la que el otorgante acostumbraba usar, el documento es válido y no debe concluirse que el firmante es persona distinta del otorgante.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. B. Forés.*

El registrador recurrido compareció por escrito.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

La nota del registrador deniega la inscripción substancialmente por el motivo de que mientras en la escritura se describe al vendedor con el nombre de Manuel Víctor Paradis y Nazario, la firma en ella puesta muestra el nombre de Víctor B. Paradis, quien, según el registrador, es persona distinta del otorgante, citando para sostener esta teoría el artículo 20 de la Ley Notarial. La nota, sin embargo, no está limitada solamente a este alegado defecto. El registrador sostiene que el defecto era insubsanable y se negó a tomar en consideración una escritura aclaratoria. En la segunda el vendedor explicaba que acostumbraba firmar comercialmente Víctor E. Paradis, pero que su verdadero nombre era Manuel Víctor Paradis y Nazario.

El artículo 20 de la Ley Notarial prescribe que serán nulos los siguientes instrumentos públicos:

"Tercero: Aquellos * * * en que no aparezcan las firmas de las partes. * * *"

Tal vez el registrador estaría algo dudoso de si la firma

era la del vendedor, pero de todos modos debió él haber inscrito el documento con un defecto subsanable, por las razones que se expondrán y esto sin tener que considerar la escritura aclaratoria.

El artículo 2 de la Ley Hipotecaria ordena que se inscribirán en los registros los títulos traslativos o declarativos del dominio de los inmuebles, o de los derechos reales impuestos sobre los mismos. ¿Era el documento en cuestión de tal naturaleza? Claramente que lo fué si Manuel Víctor Paradis y Nazario quedaba obligado por su comparecencia ante el notario y por el hecho de firmar su escritura. Si él reconoció y firmó la escritura ante el notario, él efectivamente traspasó su derecho al comprador y no importa que su firma se diferenciara de su verdadero nombre, si era la firma que acostumbraba usar. Véase a 36 Cyc. página 448, y siguiente, y el caso de *Sheehan* v. *Kearney*, 35 L. R. A. 102. La Ley Notarial habla de la falta de firmas, pero nada dice respecto a una persona que suscribe un documento con una firma que no se ajusta al pie de la letra a su verdadero nombre, o que es un sobrenombre. La cosa principal como indica el recurrente es que el notario certifique en cuanto a las partes y eso se hizo por el notario en este caso en la forma acostumbrada. El vendedor en su firma prescindió de uno de sus verdaderos nombres y agregó una inicial a su otro nombre. Probablemente era conocido familiarmente por Víctor Paradis, y "Víctor" y "Paradis" aparecen no solamente en su verdadero nombre, sino también en la firma puesta a la escritura.

Aún cuando el registrador dudara de si el notario conocía sus deberes y que tal vez estaba certificando respecto a una persona que no era la verdadera, semejante duda debió desaparecer al serle presentada la escritura aclaratoria. La escritura fué válida y traspasaba el derecho de Manuel Víctor Paradis y Nazario, y el hecho de que éste era la persona

que compareció ante el notario quedó aclarado fuera de toda posibilidad de error.

La nota recurrida debe revocarse y ordenarse la inscripción. .

*Revocada la nota ordenándose la inscripción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.