GUILLERMO ESTEVES, COMISIONADO DEL INTERIOR, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE AGUADILLA, recurrido.

No. 828.—*Sometido:* Diciembre 22, 1930. *Resuelto:* Enero 15, 1932.

 

NOTA de *L. Abella Blanco,* R. (Aguadilla), denegando inscripción de una escritura en tanto en cuanto por ella se traspasaba el usufructo de una persona en una finca. *Confirmada* y *revocada en parte.*

*Attorney General James R. Beverley* y *M. Rodríguez Serra, Procurador General Auxiliar,* abogados del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En 5 de diciembre de 1930 Amedée Du Laurens D'Oiselay otorgó escritura a favor de El Pueblo de Puerto Rico. El objeto de la escritura era traspasar el nudo interés que dicho cedente tenía en la finca "El Duque," en Lares, y el usufructo de la madre del compareciente en la misma finca. El nombre de la madre era Marie Charlotte Francoise de Duranti La Calade veuve du (viuda de) Laurens. Con respecto al usufructo, el aludido cedente alegaba actuar de conformidad con un poder otorgádole, según el documento, en Francia por la madre.

Cuando dicha escritura y el poder que la acompañaba fueron presentados al registrador de Aguadilla, éste inscribió la misma en lo que a la nuda propiedad se refería, pero se negó a hacer la inscripción en lo relativo al usufructo de la madre, debido a supuestos defectos en la escritura de poder.

Estos alegados defectos son substancialmente dos: primero, por no haber el notario en Avignon, Francia, certificado sobre el conocimiento de la otorgante ni haber suplido esa diligencia con testigos de conocimiento; y segundo, por que el poder aparecía firmado por la supuesta madre como Durant veuve du Laurens cuando su verdadero nombre era Duranti veuve du Laurens.

Guillermo Esteves, a nombre de El Pueblo de Puerto Rico, apeló de esta resolución del registrador.

■ El artículo 20 de la Ley Notarial dispone en parte como sigue:

"Serán nulos los instrumentos públicos:

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

"3.—En que el notario no certifique sobre el conocimiento de los otorgantes, o no supla esta diligencia con testigos de conocimiento, . . ."

El recurrente hace algún hincapié en el artículo 11 del Código Civil de Puerto Rico, que lee como sigue:

"Las formas y solemnidades de los contratos, testamentos y demás instrumentos públicos, se rigen por las leyes del país en que se otorguen.

"Cuando los actos referidos sean autorizados por funcionarios diplomáticos o consulares de los Estados Unidos en el extranjero, se observarán en su otorgamiento las solemnidades establecidas por las leyes de los Estados Unidos.

"No obstante lo dispuesto en este artículo y en el anterior, las leyes prohibitivas concernientes a las personas, sus actos o sus bienes, y las que tienen por objeto el orden público y las buenas costumbres, no quedarán sin efecto por leyes o sentencias dictadas, ni por disposiciones o convenciones acordadas en países extranjeros."

Asumiendo entonces que en este caso esté envuelta la forma o solemnidad expresada en el artículo 11, no obstante, no podemos tomar conocimiento judicial de la ley de Francia, como tampoco podía hacerlo el registrador. No tenemos idea de cuál es la ley de Francia a este respecto y es de presumirse que la ley allí, en lo que a las escrituras se refiere, es la misma que en Puerto Rico. 10 R.C.L. 890 *et seq.* No habiéndose demostrado cuáles son las leyes en Francia, el artículo 11 del Código Civil no puede favorecer al recurrente. No incumbe al registrador demostrar que las leyes son distintas sino que la persona que solicita una inscripción debe demostrar cómo es la ley allí.

■■ El recurrente entonces da algún énfasis a la pre-

sunción contenida en el inciso 15 del artículo 102 de la Ley de Evidencia, el cual lee como sigue:

"Que los deberes de un cargo han sido cumplidos con regularidad."

Las autoridades revelan que no puede descansarse en esta presunción para probar un hecho independiente. *United States* v. *Carr*, 132 U. S. 644, 22 C. J. 135. Examinando algunas de las autoridades citadas bajo la nota 30, página 139, de 22 C. J., se verá que esta presunción se refiere a la regularidad de la certificación del notario, o a cosas similares. Por ejemplo, se ha resuelto en varios estados que se presume que el notario actuó dentro del condado en que está autorizado para ello y no fuera del mismo. Es lógico suponer que un notario podría otorgar una escritura con perfecta regularidad y sin embargo no cumplir con las reglas necesarias para que una escritura surta efecto en país extranjero. La presunción de regularidad no puede suplir la identidad del otorgante exigida por la sección 20 de la Ley Notarial.

Además, el artículo 102 de la Ley de Evidencia se refiere a una presunción. Existen varias definiciones de lo que una presunción es, pero en realidad es un indicio de evidencia, generalmente en un pleito contencioso, en que después de probarse ciertos hechos, la parte que los presenta no necesita ir más allá, sino que entonces el peso de la prueba incumbe a la parte contraria. No deseamos entrar en consideraciones muy extensas respecto a qué presunciones podrían ser usadas en la inscripción de escrituras, pero estamos bastante convencidos de que la presunción de regularidad, controvertible como es, no suple la corteza que la inscripción de documentos exige. En una corte la parte contraria tiene oportunidad de controvertir o de renunciar el efecto de una presunción. El hombre, la mujer y el niño de Puerto Rico no tendrían tal privilegio u oportunidad en

un caso como el presente sino que sólo pueden ser protegidos por el registrador. Si en verdad el notario no cumplió con la ley, la calificación del registrador es lo que protege a la madre del cedente en este caso.

█ El recurrente sostuvo que se trataba meramente de una escritura de poder, pero los poderes deben llenar las mismas formalidades y solemnidades observadas en las escrituras que han de afectar. Artículo 1247 del Código Civil. Además, el artículo 20 de la Ley Notarial se refiere a toda clase de documentos.

█ Con respecto al otro fundamento, creemos que el registrador está equivocado. La escritura de poder original fué presentada y al calce de la misma aparece el nombre de la supuesta madre de Amedée du Laurens. Si bien el nombre Durant quizá sea todo lo que necesariamente aparece, existe una pequeña marca o extensión del nombre al final del mismo que fácilmente podría pasar por una "i" adicional. Además, estamos muy contestes con el recurrente en que de conformidad con las decisiones de esta corte, si Madame Duranti acostumbraba firmar su nombre en forma tal que pareciera más o menos como Durant, no obstante ello serviría como su firma. *Rivera* v. *Registrador,* 29 D.P.R. 903.

*La nota debe ser confirmada por el primer motivo de la negativa.*